1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST I, | Case No:  C 14-0783 SBA |
| | **ORDER REMANDING ACTION** |
| Plaintiff(s), | |
| vs. | |
| ROWEN MADAMBA, LILIA MADAMBA, and DOES I through X inclusive, | |
| Defendant(s). | |

On August 29, 2012, Plaintiff filed the instant unlawful detainer action against Defendants in the Superior Court of California, County of San Mateo.  Compl., Dkt. 1.  The complaint seeks possession of certain real property located at 32 Alisal Ct., Pacifica, California 94044-1640.  Id. ¶ 1.  Plaintiff obtained ownership of said property through a Trustee's Sale held on July 30, 2012.  Id. ¶ 4.  On December 17, 2012, judgment was entered in favor of Plaintiff and against Defendants.  See Notice of Removal, Exh. D, Dkt. 1.  On February 20, 2014, Defendant Lilia Madamba ("Defendant"), proceeding pro se, filed a notice of removal.  Id.  For the reasons stated below, the Court REMANDS this action to the Superior Court of California, County of San Mateo.

I.      **DISCUSSION**

A defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded back to state court if "at any time before

final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

Having reviewed Defendant's notice of removal, the Court finds that remand of the instant action is appropriate.  As an initial matter, the notice of removal is untimely.  A notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons.  28 U.S.C. § 1446(b).  Here, the instant action was commenced on August 29, 2012.  Defendant, however, did not file her notice of removal until February 20, 2014, long after the statutory deadline to remove expired.  Moreover, Defendant has failed to show that the Court has subject matter jurisdiction over this action.

The complaint only asserts a claim for unlawful detainer, which is a state law cause of action.  As such, no federal question jurisdiction exists.  See Federal Nat. Mortg. Ass'n v. Eriksen, 2012 WL 4120380, at *2 (N.D. Cal. 2012).  Further, removal is not proper based on diversity of citizenship because Defendant is a resident of the forum state.  See 28 U.S.C. § 1441(b)(2) (Actions removed pursuant to the Court's diversity jurisdiction are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  Moreover, less than $75,000 is in controversy.[1]  The complaint expressly alleges that the amount demanded does not exceed $10,000.  Indeed, the complaint alleges that Plaintiff only seeks damages in the amount of the reasonable value of the use and occupancy of the property (i.e., $63.50 per day) from August 14, 2012 until the date of judgment.  As noted above, judgment was entered in favor of Plaintiff and against Defendants on December 17, 2012.

Finally, Defendant has failed to demonstrate that removal is proper under 28 U.S.C. § 1443.  While Defendant cites § 1443 as a basis for removal, she has failed to show that

---

[1] In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  Federal Nat. Mortg. Ass'n v. Lemon, 2011 WL 3204344, at *2 (C.D. Cal. 2011) (citing Evans v. Superior Court, 67 Cal.App.3d 162, 170-171 (1977)).

the two-prong test articulated by the Supreme Court for removal under § 1443 is satisfied. See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citing Georgia v. Rachel, 384 U.S. 780, 788-792 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-828 (1966)). Removal under § 1443(1) requires Defendant to: (1) "assert, as a defense to the prosecution, rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights;" and (2) "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel, 446 F.3d at 999.

Here, Defendant alleges that removal is proper under § 1443(1) because she was denied due process "in that the rules of evidence and civil procedure are applied without equal protection" in unlawful detainer actions. See Notice of Removal. According to Defendant, "rights to equal protection under the law are virtually non-existent in state court unlawful detainer actions." Id. The Court finds that the Defendant's allegations regarding the propriety of removal under § 1443(1) are insufficient to invoke the Court's jurisdiction. Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore her federal rights. See Wells Fargo Bank Nat. Ass'n v. Vann, 2013 WL 1856711, at *3 (N.D. Cal. 2013) (finding that removal was improper under § 1443 where defendant alleged that the "unlawful detainer complaint process itself denies homeowners . . . due process rights to unlimited jurisdiction cross complaint and discovery after sale"). Furthermore, Defendant's allegations are entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking a factual basis. See Bogart v. California, 355 F.2d 377, 380-381 (9th Cir. 1966).

II.   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      This action is REMANDED to the Superior Court of California, County of San Mateo.

1
2
      2.     Defendant is warned that any attempt to remove this action again may result

in the imposition of monetary sanctions.

3
      3.     The Clerk shall close this file and terminate all pending matters.

4
      IT IS SO ORDERED.

5
Dated:   5/27/2014

6
                     SAUNDRA BROWN ARMSTRONG

7
                     United States District Judge

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28